B & B AMUSEMENT ENTERPRISES, INC. vs. CITY OF BOSTON.

Suffolk.　March 1, 1937. — May 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Municipal Corporations*, Waterworks. *Payment. Volunteer.*

The owner of a building was entitled to a supply of water from municipal waterworks regardless of unpaid charges made to and due from a former tenant for which the municipality had no lien.

Money paid by the owner of a building to a municipality under protest in compliance with a demand, unlawfully made as a condition of furnishing him a supply of water, that he pay charges due from a former tenant, was not paid voluntarily and could be recovered.

CONTRACT.　Writ in the Municipal Court of the City of Boston dated May 4, 1935.

The action was heard by *Zottoli*, J., who found for the plaintiff in the sum of $289.78. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*I. H. Fox*, Assistant Corporation Counsel, for the defendant.

*E. M. Dangel*, (*S. Andelman* with him,) for the plaintiff.

QUA, J.　The plaintiff seeks to recover back a sum of money heretofore paid by it to the defendant for water which the defendant, in the years 1930 and 1931, furnished and charged to a lessee of the plaintiff then occupying the plaintiff's premises. The lease required the lessee to pay for water. Later the premises became vacant. In 1935, the plaintiff itself requested the defendant ·to supply water to be consumed thereon. The defendant refused to do so unless the plaintiff should pay for the water formerly charged to the lessee. At that time any lien which the defendant may have had upon the land under G. L. (Ter. Ed.) c. 40, §§ 42A–42C, had been lost. The plaintiff, "wishing to have the water turned on and supplied to the said premises," paid the sum in question under protest, contending that it was not legally bound to pay the same.

Plainly the city had no right to require the plaintiff, as a condition precedent to receiving water, to pay bills charged to the tenant for water previously furnished to the tenant. *Turner* v. *Revere Water Co.* 171 Mass. 329. *Cox* v. *Malden & Melrose Gas Light Co.* 199 Mass. 324. *Brand* v. *Water Commissioners of Billerica*, 242 Mass. 223, 228. See G. L. (Ter. Ed.) c. 270, § 13. That the city did impose this condition appears by fair construction of the case stated without resorting to inference. See, however, G. L. (Ter. Ed.) c. 231, § 126.

The defendant contends that the plaintiff cannot recover because it made the payment voluntarily. But the plaintiff as a landowner had a right to a supply of water, which it was the duty of the city as the operator of a public utility (*Loring* v. *Commissioner of Public Works of Boston*, 264 Mass. 460, 464) to furnish on the same terms on which it furnished water to others. No other comparable service was available to the plaintiff. The condition which the city sought to impose was unlawful and oppressive. Yet as a practical matter the plaintiff was obliged to submit to it for the time being or go without water. We think the plaintiff was justified in taking the course which it did take as the simplest way out of the difficulty, and that it was not bound first to resort to litigation in order to avoid the imputation of having paid voluntarily. Nor do we think that in a case of this kind the plaintiff need show the purposes for which it wanted the water or the importance or necessity of having it. It is enough that the plaintiff had an immediate right to the water and would have been deprived of that right if it had not submitted to the unlawful exaction. *Boston* v. *Edison Electric Illuminating Co.* 242 Mass. 305, 310. *Cunningham* v. *Munroe*, 15 Gray, 471. *Parker* v. *Great Western Railway*, 7 Man. & G. 253, 292. *E. D. Clough & Co.* v. *Boston & Maine Railroad*, 77 N. H. 222. *S. D. Warren Co.* v. *Maine Central Railroad*, 126 Maine, 23, 28. *Trower* v. *San Francisco*, 152 Cal. 479. *Chicago* v. *Northwestern Mutual Life Ins. Co.* 218 Ill. 40. *Holly* v. *Neodesha*, 88 Kans. 102, 112. *Panton* v. *Duluth Gas & Water Co.* 50 Minn. 175. *Westlake & Button* v. *St. Louis*, 77 Mo. 47. *Swift Co.* v. *United States*, 111 U. S. 22, 28-29.

None of the cases cited by the defendant where payment has been held voluntary involved the necessity of submission to an unlawful demand as a condition upon the exercise of a legal right.

*Order dismissing report affirmed.*