GEORGE F. LASQUADE, conservator, *vs.* SAMUEL LIPPA
& others.

Suffolk.    December 5, 1947. — January 12, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Contract,* Building contract. *Payment. Volunteer. Conservator. Equity Pleading and Practice,* Parties.

The plaintiff in a suit in equity by a landowner against a contractor involving an accounting on building contracts had no ground to claim error in the final decree in that it did not give him relief for certain breaches of contract by the defendant beyond allowances for work not performed where it appeared that he voluntarily had paid the defendant his full contract prices by mortgage notes given by him to the defendant without fraud, concealment or compulsion on the defendant's part.

The proper party plaintiff in a suit in equity brought by a conservator in behalf of his ward is the ward.

BILL IN EQUITY, filed in the Superior Court on January 30, 1947.

The case was heard by *Cabot,* J.

In this court the case was submitted on briefs.

*I. M. Davis & C. L. Moriarty,* for the plaintiff.

*W. R. Gilman & S. S. Cross,* for the defendant Lippa.

LUMMUS, J.   The plaintiff, as the conservator of the property of Joanna Gearrin of Malden, a widow eighty-two years of age, brings this bill against Samuel Lippa, Samuel B. Flashman and United States Trust Company. Averments in the bill were as follows: In the latter part of 1945 Joanna Gearrin entered into three contracts with the defendant Lippa, by which he was to work upon her real estate in Malden.   One was dated September 20, 1945, and related to real estate at 43–45 Franklin Street, and the price for the work was $6,500.   Another, dated December 14, 1945, was for additional work to be done on the same real estate at a price of $3,000.   The third, dated December 18, 1945, was for work to be done at 26 Franklin Street at a price of $2,500.

Mortgage notes and mortgages, covering various parcels of land in Malden, in the amounts of the several building contracts, were given at about the times of these contracts by Joanna Gearrin to the defendant Lippa, and were by him assigned to the defendant Flashman, and by the defendant Flashman were assigned to the defendant United States Trust Company.

The bill further sets forth that the defendant Lippa undertook to manage the real estate for Joanna Gearrin, but has failed to account. The bill further alleges that said Lippa and Flashman by fraud caused said Gearrin to give a mortgage note and mortgage to Codman Cooperative Bank for $3,000, and divided the proceeds between themselves, and further that said Lippa and Flashman obtained from said Gearrin a deed conveying the real estate at 43–45 Franklin Street to said Lippa. The bill alleges that at the times of all these transactions Joanna Gearrin was incompetent and acted because of the fraud and trickery of Lippa and Flashman.

After a hearing, the Superior Court entered a final decree, giving certain relief to the plaintiff, from which the plaintiff appealed. The case comes here upon a voluntary report of the material facts, without any report of the evidence.

The judge found that Joanna Gearrin, at the times of the transactions in question, was mentally competent, although at the time of the hearing she was incapable of caring for her property. He found that no fraud or trickery was practised upon her. He found that Flashman and United States Trust Company were holders in due course of the mortgage notes and mortgages, without notice of any infirmity. He found that the mortgage and note for $3,000, dated December 18, 1945, was paid off by the proceeds of a new mortgage covering 26 Franklin Street and running to Codman Cooperative Bank.

The judge found that Lippa owes Flashman $6,990.69, plus interest to April 24, 1947, of $550.80, and that Flashman holds mortgage notes as security for this indebtedness and subsequent interest.

He found that the two contracts for work at 43–45 Frank-

lin Street were fully performed by Lippa, except for two radiators which he was unable to furnish, and that a reasonable deduction for the omitted work would be $50.

He found that Lippa deliberately failed to paint and paper the second floor at 26 Franklin Street, and that the omitted work was fairly worth $200. Doubtless recovery could not be had by Lippa for work done under that contract. *Russo v. Charles I. Hosmer, Inc.* 312 Mass. 231, 233. But Lippa was paid in full for the whole work at that address by the mortgage for $2,500 given December 18, 1945, which Flashman now holds.

Lippa collected $2,395 in rents for Joanna Gearrin, and was paid by her $800. He owes her $250 for work not done. Thus he owes her in all $3,445. Against that Lippa has charges for expenses amounting to $1,638.69, leaving a balance due from Lippa to Joanna Gearrin of $1,806.31. The judge found that Joanna Gearrin had conveyed to Lippa for convenience the real estate at 43–45 Franklin Street, and that Lippa disclaimed any ownership in that real estate.

The final decree ordered Flashman to discharge the mortgage and note in the sum of $3,000, and to pay to the plaintiff $140 being rent collected for March, 1947. It established the indebtedness of the defendant Lippa to the plaintiff in said sum of $1,806.31, and ordered him to convey to the plaintiff the real estate at 43–45 Franklin Street. It dismissed the bill against the United States Trust Company.

We need not consider whether any of the defendants were aggrieved by the decree. None of them appealed, and none of them argues against the correctness of the decree. The only question before us is whether the decree gave the plaintiff relief to which he is entitled. The plaintiff contends that he is entitled to recover $3,000 because of the failure of Lippa fully to perform the contract in that amount made on December 14, 1945, for work at 43–45 Franklin Street. But the only deficiency in performance of that contract consisted in the failure to supply two radiators worth $50, and that failure was not intentional. The plain-

tiff contends also that he is entitled to recover $2,500 because of the failure fully to perform the contract in that amount made on December 18, 1945, for work at 26 Franklin Street. We need not discuss whether recovery could have been had by Lippa for work at either address. Lippa was in fact voluntarily paid in full for both jobs by mortgage notes, and it is settled that payments voluntarily made under a claim of right cannot be recovered back in the absence of fraud, concealment or compulsion, whether the money was due or not. *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527. *Hinckley* v. *Barnstable*, 311 Mass. 600, 604. Substantial justice was done the plaintiff by an allowance for the uncompleted work.

One informality in the decree requires correction. The decree orders conveyances and payments to the plaintiff Lasquade as conservator of Joanna Gearrin. These conveyances and payments should be made to Joanna Gearrin herself and the suit should have been brought in her name, instead of in that of the conservator of her property, who, however, has all the powers of a guardian to represent her in the suit. G. L. (Ter. Ed.) c. 201, §§ 37, 20. *Greeley* v. *Flynn*, 310 Mass. 23, 28. *Cohn* v. *Cohn*, 310 Mass. 126. If within sixty days after rescript the Superior Court shall have allowed an amendment substituting Joanna Gearrin as party plaintiff, then, instead of the final decree appealed from, a decree is to be entered giving to her the same relief that was given to the conservator by said decree. If such amendment is not allowed the bill is to be dismissed.

*So ordered.*