RICHARD JOHNSON & others vs. SCHOOL COMMITTEE
OF BROCKTON.

Plymouth.  May 7, 1975. — June 12, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*School and School Committee.  Words, "Course."*

Driver education is a "course" within G. L. c. 71, § 13, as appearing
in St. 1972, c. 215, § 1, and must be taught in a public high
school if all the conditions of that section are satisfied; so
construed, that section is compatible with § 13D.  [154-155]

PETITION for a writ of mandamus filed in the Superior
Court on May 8, 1974.

The case was heard by *Mason*, J., on demurrer.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*P. J. Piscitelli* for the petitioners.

*Ira L. Lipman*, City Solicitor, for the School Com-
mittee of Brockton.

WILKINS, J.  The petitioners, parents of students at
Brockton High School, appeal from an order which sus-
tained the school committee's demurrer, dismissed the
petition for a writ of mandamus and ordered judgment
for the school committee.  The petitioners sought a deter-
mination that the school committee was required to
include a course in driver education in the regular cur-
riculum at Brockton High School during the 1974-1975
school year.[1]

---

[1] Although the petition was entitled a "Petition for Writ of
Mandamus," it did not request the issuance of a writ directing the
school committee to take any action.  The significant prayer of the
petition sought a determination of the school committee's duties.  We

The petition states that in April, 1974, the parents of more than 300 Brockton High School students requested in writing of the school committee that a driver education course be offered at the high school during the school year commencing in September, 1974. The high school is attended by approximately 5,000 pupils and has several teachers qualified to teach such a course. The school committee declined to authorize such a course for the 1974-1975 school year.

Relying on G. L. c. 71, § 13, as appearing in St. 1972, c. 215, § 1, the petitioners argue that the school committee was obliged to offer a driver education course during the 1974-1975 school year.[2] If the driver education course is a "course" within the meaning of that word in § 13, the petitioners have alleged circumstances which require that such a course be available. The school committee contends, however, that the Legislature did not intend driver education to be among those courses whose offering could be compelled by parental mandate.

When § 13 was adopted in its present form in 1972, the same act repealed various sections of G. L. c. 71 (old § 13, § 13A, § 13B, § 13C, § 13E) which required high school instruction in particular foreign languages in certain circumstances. See St. 1972, c. 215, § 2. Al-

---

treat the petition as a request for a declaration of rights and duties. See G. L. c. 231A. Although such a course could not now be furnished in the 1974-1975 school year, the issues are likely to recur, and we believe it appropriate to deal with them. See *Wolf* v. *Commissioner of Pub. Welfare,* 367 Mass. 293, 298-299 (1975).

[2] General Laws c. 71, § 13, reads as follows: "In every public high school having not less than one hundred and fifty pupils, any course not included in the regular curriculum shall be taught if the parents or guardians of not less than twenty pupils request in writing the teaching thereof and if there is an enrollment of not less than twenty pupils, provided said request is made and said enrollment is completed before the preceding August first and provided a qualified teacher is available to teach said course. The teaching of any course as provided by this section may be discontinued if the enrollment of pupils falls below ten."

though various neighboring sections were repealed by the 1972 act, § 13D dealing with driver education courses was not repealed.[3] The school committee argues that the retention of § 13D, giving school committees discretion to offer driver education courses, indicates that the Legislature did not intend to allow a group of parents and guardians to compel the teaching of driver education. It is contended that if driver education can be compelled under § 13, the discretionary power of the school committee under § 13D to decide the issue will be nullified. It is argued that § 13 and § 13D are compatible only if driver education courses are not included within the scope of § 13.

In adopting § 13 without expressly defining the word "course," while simultaneously repealing statutory provisions explicitly listing the courses which could be mandated, the Legislature must have intended that the word "course" would carry its usual meaning, viz., anything within the range of courses which have been taught in public high schools. Thus any academic subject must have been intended, as well as at least those courses which a school committee is authorized by statute to make available. Driver education, "as a phase of the safety education program in high schools" (§ 13D), is such a course.

There is no irreconcilable conflict between § 13 and § 13D. Under § 13D a school committee may decide, in its discretion, to offer driver education as part of the

---

[3] Section 13D, as appearing in St. 1967, c. 111, reads in part as follows: "Motor vehicle driving education may be incorporated as a phase of the safety education program in high schools of the commonwealth. The content of driver education courses shall be established by the commissioner of education in collaboration with the registrar of motor vehicles. Courses in motor vehicle driver education may be given as evening courses in the schools of any town for the training of persons under twenty-five years of age. No person shall be precluded from taking any such course because he is licensed to operate motor vehicles. School committees may fix reasonable fees for tuition in such evening courses or may provide that no fee shall be charged."

school day curriculum (as Brockton allegedly had done for many prior years) or as an evening course, or it may decide to do both or neither. If the committee decides not to offer such a course as part of the regular curriculum, the parents or guardians of not less than twenty pupils may request the course under § 13. If all conditions of § 13 are satisfied, the course must be taught.

> *Order sustaining the demurrer, dismissing the petition and ordering judgment for the respondent reversed.*