RICHARD JOHNSON & others[1] *vs.* SCHOOL COMMITTEE OF BROCKTON. January 13, 1977. For many years the School Committee of Brockton had authorized (see G. L. c. 71, § 37), and Brockton High School had provided, in the regular school day curriculum, a driver education course comprising classroom study and on-the-road training. In adopting its budget for the school year 1974-1975, the school committee voted by a majority to eliminate this course from the regular curriculum. Thereupon a group of parents of pupils at the school, acting in accordance with G. L. c. 71, § 13,[2] requested that the course be restored,

---

[1] Rose Johnson and Harold B. Bonaparte, all three plaintiffs being parents of students at Brockton High School.

[2] Section 13, as amended through St. 1973, c. 111, provided: "In every public high school having not less than one hundred and fifty pupils, any course not included in the regular curriculum shall be , taught if the parents or guardians of not less than twenty pupils request in writing the teaching thereof and if there is an enrollment of not less than twenty pupils, provided said request is made and said enrollment is completed before the preceding August first and provided a qualified teacher is available to teach said course. The teaching of any course as provided by this section may be discontinued if the enrollment of pupils falls below ten. Such courses as may be taught under this section shall be given the same academic credit necessary for a high school diploma as is given to similar courses taught in said public high school, provided that the school committee shall make a determination as to the credit equivalency of such course prior to its being offered." The material change made by St. 1975, c. 305, was to add after the statement that the request could be made on behalf of not less than twenty pupils: "or of a number of pupils equivalent to five per cent of the pupil enrollment in the high school, whichever is less."

and when the school committee refused, the plaintiff parents brought an action of mandamus against the committee in the Superior Court, ultimately treated as an action for a declaratory judgment. The school committee demurred to the complaint, contending that, because of a supposed repugnancy between G. L. c. 71, § 13 and § 13D (regarding motor vehicle driver education), a course in driver education could not fall under § 13. The demurrer was sustained by a judge of the Superior Court, but on appeal the decision was reversed. *Johnson* v. *School Comm. of Brockton,* 368 Mass. 152 (1975). On remand to the Superior Court, the plaintiffs presented a motion for summary judgment. From the pleadings, an affidavit, and a stipulation of the parties,[3] it appeared that, by authority of the school committee, the school was offering a driver course consisting only of classroom instruction; on-the-road training was offered separately, after regular school day hours (afternoons after school, evenings, Saturdays), with a tuition charge of $45 a pupil. The judge, holding that this was not a proper compliance by the school committee with § 13, entered judgment to the effect that the entire course, including on-the-road training, should be given within regular school day hours, and without tuition charge. We agree that in the circumstances of the case the parents' request under § 13 was properly referable only to a course in the regular school day curriculum similar to the course long established at the school in that it must include on-the-road training as an integral part. The appropriate authorities determine the detailed content of the course. See G. L. c. 71, § 13D.

*Judgment affirmed.*

*Ira L. Lipman,* City Solicitor, for the School Committee of Brockton.
*P. J. Piscitelli* for the plaintiffs.

[3] The judge chose to treat the action as tried without a jury and accordingly made findings under Mass. R. Civ. P. 52(a), 365 Mass. 816 (1974).

