RICHARD E. JOHNSON & others[1] vs. CITY OF BROCKTON.

Plymouth.   May 16, 1979. — July 11, 1979.

Present: HALE, C.J., DREBEN, & KASS, JJ.

*School and School Committee. Unjust Enrichment. Payment.*

Tuition fees paid by the plaintiffs to a school for on-the-road driver education training during a period in which the plaintiffs were litigating their claim that the school committee was obliged to offer such training without tuition charge were not paid voluntarily and could be recovered. [82-84]

CIVIL ACTION commenced in the Superior Court on March 23, 1977.

A motion for summary judgment was heard by *Cratsley,* J., a District Court judge sitting under statutory authority.

*Ira L. Lipman,* City Solicitor, for the defendant.
*P. J. Piscitelli* for the plaintiffs.

HALE, C.J. The city of Brockton appeals from a summary judgment awarding the three named plaintiffs the sum of $55,530, which represents the recovery of tuition fees paid by or on behalf of 1,234 students of the Brockton High School for on-the-road driver education training during the period from September, 1974, through January, 1977. Having reviewed the pleadings and affidavits that were before the judge on the plaintiffs' motion for summary judgment under Mass.R.Civ.P 56, 365 Mass. 824 (1974), we conclude that the judgment, with a change in form to be discussed, should be affirmed.

---

[1] The other named plaintiffs were Rose Johnson and Harold B. Bonaparte. The action was brought on behalf of a class, certified by the judge, that was composed of some 1,234 members.

Prior to this action, the plaintiffs had succeeded in two related actions brought against the school committee of Brockton. In the first, *Johnson* v. *School Comm. of Brockton (Johnson I)*, 368 Mass. 152 (1975), the plaintiffs, relying on G. L. c. 71, § 13 (as appearing in St. 1972, c. 215, § 1), argued that the school committee was obliged to offer a driver education course during the 1974-1975 school year. The court agreed, holding that the parents of students could compel the school to offer such a course as a part of its curriculum. Thereafter, the school, by authority of the school committee, offered a course consisting of classroom instruction only. On-the-road training was offered separately, after regular school day hours, for a tuition charge of $45 per pupil. In *Johnson* v. *School Comm. of Brockton*, 371 Mass. 896 (1977) *(Johnson II)*, the court determined that this was not proper compliance with § 13 and affirmed a Superior Court judgment that the entire course, including on-the-road training, should be given without tuition charge during regular school day hours. By the present action the plaintiffs seek repayment of the $45 fees paid by or on behalf of those students who were enrolled during the period in question.

In his "Memorandum of Decision on Plaintiffs' Motion for Summary Judgment" the judge first determined that, as there were no unresolved issues of fact, the matter was appropriate for summary judgment. The city does not now dispute that determination. Rather, it argues that the judge erroneously applied the law to the uncontradicted facts. The judge ruled that the parties contracted under an innocent mutual mistake of law, unjustly enriching the city and entitling the plaintiffs to restitution. In so concluding, he relied upon *Reggio* v. *Warren*, 207 Mass. 525 (1911), and *White* v. *White*, 346 Mass. 76 (1963).

In *Reggio* the plaintiff brought an action against his co-trustees seeking, among other things, to void a release he had executed in exchange for a note later found to be unenforceable. He proceeded on the theory that there

had been a mutual mistake on the part of persons stand-ing in a confidential relationship with each other. The court granted relief upon "the fundamental principle of equity that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an inno-cent mistake of law or of fact entertained by both par-ties." *Reggio* v. *Warren, supra* at 534-535. In *White* the same theories of mutual mistake and unjust enrichment were applied, this time resulting in the retransfer of cer-tain stock certificates to the plaintiff, mother of the de-fendant, where both parties had been unaware of the legal effect of the transfer at the time it was made.

As the facts of both *Reggio* and *White* differ substan-tially from those presented by this case, especially with regard to the relationship between the parties, and as there was a mutual mistake of law in those cases whereas here the law was in dispute, we also look at this case, as urged by the city, in light of the familiar rule "that money voluntarily paid under a claim of right, with full knowl-edge of the facts on the part of the one making the pay-ment, cannot be recovered back unless there is fraud or concealment or compulsion by the party enforcing the claim." *Carey* v. *Fitzpatrick,* 301 Mass. 525, 527 (1938). *Hinckley* v. *Barnstable,* 311 Mass. 600, 604 (1942). *Kirch-ner* v. *Pittsfield,* 312 Mass. 342, 345 (1942). *Lasquade* v. *Lippa,* 322 Mass. 287, 290 (1948). This standard applies even though no obligation to make the payment existed, *Rosenfeld* v. *Boston Mut. Life Ins. Co.,* 222 Mass. 284, 289 (1915), but does not, in our opinion, preclude the result reached by the judge. There are sufficient undis-puted facts revealed in the record to permit the conclu-sion that the tuition payments were not voluntarily made.

At no time did the plaintiffs abandon their position or acquiesce in the city's demand for payment. Compare *Murphy* v. *Brilliant Co.,* 323 Mass. 526, 530 (1948). Con-trast *Allen* v. *Plymouth,* 313 Mass. 356, 360 (1943). They have pressed their case through the courts on two prior

occasions. "The plaintiffs can hardly be said to have been remiss in their efforts to obtain relief." *McRae* v. *Pope,* 311 Mass. 500, 507 (1942).

We take judicial notice, as a matter of common knowledge (see *Hoosac Tunnel & Wilmington R.R.* v. *New England Power Co.,* 311 Mass. 667, 671 [1942]), that most students complete high school at the age of seventeen or eighteen. Taking notice also of G. L. c. 90, § 8B, which provides that a student cannot obtain a learner's permit until he is at least sixteen, it is clear that there is a period of no more than two years during which most students can take on-the-road driver education training at the school. If they had waited out the completion of the judicial process they had instituted, the opportunity for such training would have passed them by. Having in mind the importance attributed by young people to obtaining a driver's license and given such time constraints, the plaintiffs were operating under a disadvantage serious enough to permit the conclusion that their payments were not voluntary. Compare *Marconi Wireless Tel. Co. of America* v. *Commonwealth,* 218 Mass. 558, 562 (1914), reversed in part sub nom. *Cheney Bros.* v. *Commonwealth,* 246 U.S. 147 (1918); *McRae* v. *Pope,* 311 Mass. at 507-508; *Kirchner* v. *Pittsfield,* 312 Mass. at 345-346.

This case resembles *B & B Amusement Enterprises, Inc.* v. *Boston,* 297 Mass. 307 (1937). In both, the sum in question was paid for a service the defendant was under a duty to provide. As a practical matter, the plaintiffs in both cases were obliged to submit to the defendants' demands for payment or forgo benefits to which they were entitled. Accordingly, the plaintiffs here, as was the plaintiff in *B & B Amusement,* were "justified in taking the course which [they] did take as the simplest way out of the difficulty, and . . . [they] were not bound first to resort to litigation in order to avoid the imputation of having paid voluntarily." *Id.* at 308. The plaintiffs are not prevented from obtaining relief because by paying the fees they complied with the law as interpreted by the city.

Compare *Marconi Wireless Tel. Co. of America* v. *Commonwealth*, 218 Mass. at 563.

However, as alluded to earlier in this opinion, the judgment must be changed as to form. As it stands, payment is to be made in full to the three named plaintiffs and no reference is made to its eventual distribution to the members of the class. The judgment is to be vacated and a new judgment entered providing for the distribution to each member of the class who qualifies therefor of his or her pro rata share, as such amount is computed after the payment of attorney's fees and expenses and for the return to the defendant of any unclaimed amount. The precise form of the judgment is to be settled in the Superior Court after affording the parties an opportunity to be heard.

*So ordered.*