**GUARANTY BANK AND TRUST
COMPANY
vs.
WINCHENDON SAVINGS BANK**

**No. 294**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**May 20, 1981**

Allan McGuane, Justice
Bernard Lenhoff, Justice
James J. Harrington
Asst. Clerk

## OPINION

LENHOFF, J. This is an action to recover money paid to the defendant-appellee, the holder of a first mortgage on premises in Winchendon, Massachusetts, by the purchaser at a duly held foreclosure sale thereof by the plaintiff-appellant holder of a second mortgage thereon. The money paid by the said purchaser was with the apparent approval of the plaintiff-appellant, same being in the total sum of $21,070.76 to liquidate a balance of $14,823.27 on an original mortgage in the principal sum of $17,000.00, $6,042.32 to pay off a home improvement loan of the original mortgagors that had been advanced by the defendant-appellee after the second mortgage was recorded plus the sum of $205.17 paid by said defendant-appellee for insurance premiums on said property. In addition to the foregoing, the plaintiff-appellant alleges in its complaint that the mortgage it held was in the principal sum of $25,000; that it instituted foreclosure action against the mortgagors with an approved order of court to foreclose its mortgage and sell the property; that on June 1, 1979 a sale thereof occurred with the defendant-appellee being paid the sum of $21,070.76; that also on that date the plaintiff-appellant by and through its attorney notified the defendant-appellee, in writing, that it was not entitled to receive the total improvement loan payoff figure and it demanded the return of same; and, that the distribution of funds made to the defendant-appellee was wrongful being against the priority interests of the plaintiff-appellant.

After the filing of the complaint, the defendant-appellee seasonably filed a motion to dismiss pursuant to Rule 12(b)(6) of the District/Municipal Court Rules of Civil Procedure, seeking to have

Carl D. Aframe, Esq., counsel for plaintiff
Louis W. Levine, Esq., counsel for defendant

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Central Worcester Division and, prejudicial error having been found.

It is hereby

ORDERED: That the Clerk/Magistrate of the Central Worcester Division make the following entry in said case on the docket of said Court, namely: Judgment entered March 13, 1980 be and is hereby vacated. Case to have pleadings completed and to stand for trial.

Opinion filed herewith.

**William T. Walsh, Justice**

the instant action dismissed in that the complaint failed to state a claim against the defendant-appellee upon which relief could be granted. In said motion, it assigned as grounds therefor the following: (1) the complaint fails to state any legal relationship by and between the plaintiff-appellant and the defendant-appellee upon which a claim can be based; (2) that the plaintiff-appellant failed to allege that it made demand or claim upon the attorney for the purchaser at the foreclosure sale for distributing the sale proceeds wrongfully, erroneously or otherwise in error; and (3) that the funds as distributed was in accordance with the court order approving the foreclosure sale.

Hearing on the motion to dismiss was held in the Central Worcester Division on March 11, 1980. Both parties submitted briefs and the plaintiff-appellant's brief had attached thereto an affidavit which the trial court considered in its disposition of this mater, same having been submitted without objection at oral argument.

The affidavit so considered by the trial court presented facts therein that the defendant-appellee required that its payoff figure which included the home improvement loan due from the mortgagors be paid in order for it to issue a discharge of its first mortgage; that the purchasers at the foreclosure sale would not have been able to obtain financing to purchase the involved property without the discharge; and, that payment of the funds demanded was allowed or permitted to be made, under protest, in order to facilitate the sale.

The trial court informed the parties that it was treating the matter as one for summary judgment under Rule 56 although the defendant-appellee made known that it did not agree to such treatment nor did it admit that the statements in the complaint and/or affidavit were true or correct.

The trial court decided that even if the matters pleaded in the complaint and affidavit be accepted as true and correct, the plaintiff-appellant could not maintain this action. On March 13, 1980, the trial court allowed the defendant-appellee's motion to dismiss. (In view of the treatment of said motion as one for summary judgment by the trial court, same is here considered as such, notwithstanding the lack of verbiage accordingly in the trial court's disposition.)

The brief of the defendant-appellee seeks to have the trial court's disposition upheld, contending therein that the plaintiff-appellant has no standing to seek recovery as a legal relationship between the parties is non-existent; that the said plaintiff-appellant further is prevented in its quest as it assented to the voluntary payment with full knowledge of the facts; and, that it is precluded from bringing an action for the wrongful distribution of funds when it is solely responsible to apply the money from its foreclosure sale.

The trial court was empowered as per District/Municipal Court Rules of Civil Procedure, Rule 12(b)(6), to treat the defendant-appellee's motion to dismiss filed thereunder as one for summary judgment as provided in Rule 56, if the court considered matters presented outside the complaint not excluded by the court. **Mongeau v. Boutelle,** 1980 ASA 1369.—.*

In treating the motion to dismiss as a summary judgment proceeding, the allegations in the complaint of the plaintiff-appellant, with such reasonable inferences as may be drawn therefrom in its favor, are to be taken as true. **Whitinsville Plaza, Inc. v. Kotseas,** 1979 AS 1262, 1263 and cases cited.** **Jones v. Brockton Public Markets, Inc.,** 369 Mass. 387, 388. In such proceedings, material outside the complaint brought to the court's attention and not excluded,

---

* 407 N. E. 2d 352, 354. (Mass App.)
** 391 N. E. 2d 279.

likewise is to be taken as true. **Lammerding v. Shawmut Community Bank, N.A.,** 1980 ASA 737,—.* **Davidson v. Commonwealth,** 1979 ASA 2103.**

The purpose of summary judgment treatment is to utilize this procedural device to make possible the prompt disposition of controversies on their merits without trial if there be no real dispute as to the salient facts or only if a question of law is involved. **Community National Bank v. Dawes,** 369 Mass. 553.

, The case at bar, therefore, cannot and will not be terminated at its present stage if there be a factual issue for resolution based on both the complaint and the presented affidavit. **Lurensky v. Merchants Beef Company, et al,** 1980 ASA 1050*** and cases cited. If, however, the plaintiff-appellant is not a proper party to assert an alleged right by reason of having no legal relationship to the defendant-appellee as the said defendant-appellee contends, there would be no need to proceed further. The contention made lacks merit, for the right to recover money had and received does not depend upon privity of contract but on the obligation to restore that which the law in equity and good conscience implies should be returned where one otherwise would be unjustly enriched at the other's expense. **Flower v. Suburban Land Co., Inc.,** 332 Mass. 30, 33. **Flavin v. Morrissey,** 327 Mass. 217, 220. **Rabinowitz v. Peoples Nat. Bank,** 235 Mass. 102, 103. Hence, the plaintiff-appellant herein is not disqualified from instituting this action.

The allegations of the complaint incorporate the mortgage of the parties here involved. A review of the first mortgage held by the defendant-appellee shows its principal sum to be $17,000.00 and there is no language therein (dragnet clause) regarding future advances to the mortgagors that would have the same mortgage as security therefor. Regardless of such fact, the provisions of G.L. c.

183, sec. 28A, the so-called flexible mortgage statute, effectually add an open-end clause to all real estate mortgages, for loans to the mortgagor by the mortgagee ". . . to be expended for paying for repairs, improvements . . . on, the mortgaged premises, shall be equally secured with and have the same priority as the original indebtedness, to the extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage . . . " **Zaltman v. Melrose Sav. Bank,** 1979 ASA 1163,—.* This statute gives rise to the basis of the unjust enrichment claimed to have benefitted the defendant-appellee at the expense of the plaintiff-appellant to the extent of the payment in excess of its priority claim as secured by its first mortgage on the property that was the subject matter of the foreclosure sale.

The law is clearly established ". . . that money voluntarily paid under a claim of right, with full knowledge of the facts on the part of one making the payment cannot be recovered back unless there is fraud or concealment or compulsion by the party enforcing the claim. This is true although no obligation to make the payment existed." **Carey v. Fitzpatrick,** 301 Mass. 525, 527. And, one acting as a volunteer cannot recover for an unjust enrichment unless · facts are alleged amounting to a wrongful conversion. **U.S. Fid. & Guar. Co. v. N. J. B. Prime Inv.,** 1978 ASA 720.* Also, where the court held payment was not voluntary when there was a necessity to submit to an unlawful demand as a condition upon the exercise of a legal right. **Johnson v. City of Brockton,** 1979 ASA 1449*, **B & B**

*   402 N. A. 2d 1085, 1087.
    (Mass. App.)
 **  395 N. E. 2d 1314 (Mass. App.)
 *** 406 N. E. 2d 1050 (Mass. App.)
 *  377 N. E. 2d 440, 444 (Mass. App.)
 *  391 N. E. 2d 940, 942. (Mass. App.)

Amusement Enterprises, Inc. v. City of Boston, 297 Mass. 307.

Close scrutiny of the allegations set forth in both the complaint and presented affidavit discloses that the purchaser's attorney, with the acquiescence of the attorney for the plaintiff-appellant, did pay the funds the defendant-appellee requested before it would release a discharge of its prior mortgage; and, that the payment was made, under protest, to obtain the discharge of said first mortgage which was necessary and required to enable the purchaser to obtain financing in order to consummate the foreclosure sale. Whether what is alleged as above stated, in type and amount, is or is not compulsion, is a factual question, not one of law. The claim of compulsion made by the plaintiff-appellant in this case is for the fact finder to determine as to its nature so as to negate the knowing payment of money. Here, not only has the plaintiff-appellant merely stated it made payment of the home improvement loan under compulsion, but it also states its reasons for being what it terms as "compelled" to do so. This represents a proper basis to permit the matter to be further litigated, for a factual question is present for resolution.

By reason of the foregoing, the defendant-appellee's brief urging application of G.L. c. 183, ss. 27 and 55, is presently premature as the provisions thereof may be reflected in the ultimate findings of the fact finder.

To conclude, it follows that summary judgment is not in order. The trial court judgment is reversed and vacated. Pleadings are to be completed and the case is to stand for trial.