81 So.2d 555 (1955)
Charlotte C. YOVAN, Appellant,
v.
BURDINE's, a Florida corporation, Appellee.
Supreme Court of Florida. Division A.
June 22, 1955.
*556 Phillip D. Anderson, West Palm Beach, for appellant.
Earnest, Lewis, Smith & Jones, Culver Smith and William A. Foster, West Palm Beach, for appellee.
TERRELL, Justice.
Appellee was the owner and operator of a store in West Palm Beach at which appellant was employed to display and sell the goods of Rex Cutlery Company. December 23, 1952, while appellant was ascending the stairway in said store, she fell and was injured because of appellee's alleged negligence in failing to maintain said stairs in a safe and sound condition. Pursuant to these facts, the appellant filed this suit against appellee, claiming damages for her injuries. She requested a jury trial. Appellant will hereinafter be referred to as the plaintiff and appellee as defendant.
Defendant moved to dismiss on the ground the complaint stated no cause upon which relief could be granted. The trial court did not rule on this motion. December 8, 1953, defendant moved for summary judgment on the ground that plaintiff was an employee of defendant and could not maintain a law action against it because any claim she might have against it was covered by Workmen's Compensation Law of Florida, F.S.A. § 440.01 et seq. On consideration said motion for summary judgment was granted and final judgment was entered for the defendant. The plaintiff has appealed from the final judgment.
The point for determination is whether or not the Circuit Court committed error in granting the motion for summary judgment.
When the Circuit Court entered the summary judgment, it was confronted with the complaint, the deposition of the plaintiff taken at the instance of defendant May 12, 1953, order of the Deputy Commissioner of the Florida Industrial Commission dated October 20, 1953, and an affidavit of the manager of defendant's West Palm Beach store, dated January 5, 1954. The disputed issue is whether the plaintiff was an employee of Rex Cutlery Company, or the defendant, Burdine's.
The complaint asserts that plaintiff was an employee of Rex Cutlery Company; in her deposition plaintiff stated that she was an employee of Rex Cutlery Company; *557 the transcript refers to plaintiff's employment by and the fact that she was paid by Rex Cutlery Company. Plaintiff further asserts that Rex Cutlery Company sent her commissions from their New York office; that she was supervised by them and was not supervised by any employee of Burdine's, and that she was responsible only to Rex Cutlery Company. The defendant's motion for summary judgment was predicated on the allegation that plaintiff was not an employee of Rex Cutlery Company, that Rex Cutlery Company controverted said claim before the Florida Industrial Commission and the Deputy Commissioner entered his order October 20, 1953, holding that the plaintiff was an employee of Burdine's. Plaintiff contends that account of this variety of evidence before the court, the case should have gone to a jury for determination on the issue of employment.
Orders of the Deputy Commissioner in a workmen's compensation proceeding become final upon expiration of the time for appeal to the full Commission. McDonough v. Versailles Hotel, Fla. 1952, 57 So.2d 16; Faulk & Coleman v. Harper, Fla. 1952, 62 So.2d 62. The adjudication and award of compensation boards or commissions, as well as the judgments of courts are generally held to be conclusive on the parties as to matters and issues involved within their jurisdiction. 58 Am. Jur., Workmen's Compensation, Sec. 493. The doctrine of res adjudicata has under certain circumstances been held sufficient to bar subsequent actions at law for the same injury. See collection of cases in the annotation to 122 A.L.R. 614 et seq. The finding of the Deputy Commissioner that the plaintiff was Burdine's employee was not res adjudicata as to the instant case. Gray v. Gray, 91 Fla. 103, 107 So. 261, and Avant v. Hammond Jones, Inc., Fla. 1955, 79 So.2d 423. Nor would the plaintiff be barred under the equitable doctrine of estoppel by judgment as set forth in Universal Const. Co. v. City of Fort Lauderdale, Fla. 1953, 68 So.2d 366, 369, citing Gordon v. Gordon, Fla. 1952, 59 So.2d 40, to the effect that estoppel by judgment is applicable only in those cases wherein the parties are the same in the second suit as in the former action but the causes of action are different.
Whether the plaintiff was barred by some other equitable remedy as recited in 50 C.J.S., Judgments, § 765, Note 33, we do not think necessary to explore for we are convinced that in view of the issue before the trial court no other judgment could have been entered. Although the plaintiff filed a claim for workmen's compensation against Rex Cutlery Company, the evidence showed that she was employed by Burdine's. She was selling Rex Cutlery Company's products from a counter in Burdine's; the counter was a part of Burdine's equipment; it was controlled by Burdine's; she was on Burdine's payroll and Burdine's withheld federal taxes, old age benefits and other payments and deductions required by law to be made from her compensation. Any claim she had against Burdine's was limited by the Workmen's Compensation Law. The trial Court therefore correctly ruled as a matter of law that there was no issue as to employment of the plaintiff that should go to a jury.
The judgment appealed from is accordingly affirmed.
Affirmed.
DREW, C.J., and ROBERTS and THORNAL, JJ., concur.