THEATRE CONTROL CORPORATION v. CITY OF DETROIT.

1. Appeal and Error—Questions Determinable—Discrimination —Due Process.

Determination by Supreme Court on former hearing of suit to enjoin collection of demand charge for supply of water to users of air-conditioning equipment of the nonrecirculating type that such charge was unreasonable and arbitrary rendered it unnecessary to determine whether the additional charge was discriminatory by reason of the failure to impose the additional charge upon other seasonal users of water, since the charge made deprived plaintiffs of property without due process of law.

References for Points in Headnotes
[1–4] 43 Am Jur, Public Utilities and Service § 81 et seq.
[5] 14 Am Jur, Costs § 5 et seq.

2. MUNICIPAL   CORPORATIONS—AIR-CONDITIONING   EQUIPMENT—DE-
MAND—WATER RATES—DISCONTINUANCE OF SERVICE—VOLUNTARI-
NESS OF PAYMENT.

Payments of demand charges for supply of water to users of
air-conditioning equipment of the nonrecirculating type were
not voluntary, where discontinuance of service was a method
available to the defendant city, as supplier of the water, in the
event of nonpayment of rates charged and was exercised as
a matter of policy.

3. SAME—PAYMENT UNDER PROTEST—DISCONTINUANCE OF SERVICE.

Payment under protest is not a condition precedent to recovery,
where payment of demand charges to users of city water for
air-conditioning equipment of the nonrecirculating type had not
been made voluntarily as the service might have been discon-
tinued in the absence of compliance with the demand.

4. SAME—PAYMENT UNDER PROTEST—TAX STATUTES.

The statutory provision requiring payment of taxes and special
assessments, under protest in writing, signed by the taxpayer
and specifying the grounds of the protest is not applicable
to demand charges for supplying water to users of air-condi-
tioning equipment of the nonrecirculating type, since such
charges are neither taxes nor assessments but a charge for
furnishing of a utility service, hence, where plaintiff payers of
such charges had commenced proceedings to enjoin collection of
such charges and had unequivocally indicated their position,
they were entitled to recover such charges (CL 1948, § 211.53).

5. COSTS—PUBLIC QUESTIONS—DEMAND CHARGES FOR WATER USERS
IN CERTAIN AIR-CONDITIONING EQUIPMENT.

No costs are allowed on appeal in suit to recover demand charges
made to users of water for air-conditioning equipment of the
nonrecirculating type, in view of the nature of the questions
involved.

Appeal from Wayne; Bowles (George E.), J.
Submitted May 8, 1963. (Calendar No. 46, Docket
Nos. 48,840, 50,178.) Decided June 3, 1963.

Bill by Theatre Control Corporation, a Michigan
corporation, Saul Korman, doing business as Apollo
Theatre, Westown Theatre Corporation, and Hil-
lier Kilbride Company, Michigan corporations, in

their own behalf and in behalf of all other members of a class similarly situated, against the City of Detroit, a municipal corporation, the Board of Water Commissioners of the City of Detroit, its individual members, and the general manager of the Detroit department of water supply, to declare void additional charges imposed for use of air-conditioning equipment units which do not recirculate water, to enjoin assessment of such charges and to secure accounting for and repayment of such charges already collected. ACF-Wrigley Stores, Inc., a Delaware corporation, Davidson Brothers, Inc., a Michigan corporation, and Local 575, International Brotherhood of Bridge, Structural and Steel Workers of America, AFL-CIO, intervened as parties plaintiff. Decision, 365 Mich 432, rendered holding charges void. On remand, order entered directing defendants to pay to the clerk of the court for subsequent disposition such charges collected. Defendants appeal. Affirmed.

*William Henry Gallagher, David Newman,* and *Reymont Paul,* for plaintiffs.

*Honigman, Miller, Schwartz & Cohn (John Sklar,* of counsel), for intervening plaintiffs Allied Supermarkets, Inc. (formerly ACF-Wrigley Stores, Inc.), and Davidson Bros., Inc.

*Donald J. Prebenda,* for intervening plaintiff Local 575, International Brotherhood of Bridge, Structural and Steel Workers of America, AFL-CIO.

*Robert Reese,* Corporation Counsel, and *Vance G. Ingalls,* Assistant Corporation Counsel, for defendants.

CARR, C. J. This litigation has resulted from the action of the board of water commissioners of defendant city, taken on May 7, 1956, seeking to impose an annual "demand charge" for users of water furnished by the city system to parties operating air-conditioning equipment which did not recirculate the water. Such payment was in addition to the charge for water actually used and was based on equipment capacity. The added amount for the year 1957 was fixed at $1.50 per ton of capacity, increasing to $7.50 per ton in 1961. It was applicable upon all such equipment used for "human or animal comfort." It was further provided that bills for the annual payment should be rendered on or about May 1st of each year.

Plaintiffs, being within the class subjected to the added annual charge, brought suit, by bill of complaint filed April 4, 1957, to enjoin the collection of the assessment of such charges and to secure an accounting for, and repayment of, amounts collected. It will be noted that the suit was commenced in advance of the date on which the first payments were due under the action of the board of water commissioners here involved. Issue was duly joined by defendants, and following a hearing in circuit court a decree was entered denying the relief sought and dismissing the bill of complaint. On appeal this Court (*Theatre Control Corporation* v. *City of Detroit,* 365 Mich 432) reversed the decree and remanded the case for further proceedings in accordance with the opinion rendered. A petition by defendants for a rehearing was denied.* Following the remand plaintiffs sought in circuit court an order for the return of the additional charges that they had paid in connection with the operation of their

---

* Certiorari was denied by the supreme court of the United States, 371 US 887 (83 S Ct 184, 9 L ed 2d 121).—REPORTER.

air-conditioning equipment pursuant to the action of the board of water commissioners. Such order was entered, requiring the repayment of the demand charges in question, and defendants have appealed therefrom claiming that the trial judge was in error in his decision.

On behalf of appellants it is insisted that plaintiffs were not entitled to the relief granted because of failure to establish by competent proof that the added charges for the use of water rendered the rate excessive as compared with the cost of the service. It is the theory of appellants that the rule applied in the case of rates held to be discriminatory as against users of the service should be here followed. Obviously the claim involves the assumption that the decision of this Court, above cited, was based on a finding of such character. However, a reading of the opinion indicates that such was not the situation. The following language in the opinion (p 438) indicates concisely the theory on which the decision was based:

"Plaintiffs argue forcefully that exemption of water-wasting refrigeration equipment used for commercial or industrial processing, and failure to impose the additional annual demand charge upon other seasonal users of water, renders the attempted classification discriminatory and, therefore, denies them equal protection of the laws. In our disposition of this case, however, we need not consider this issue, for it is our conclusion that the additional annual demand charge was unreasonable and arbitrary and, therefore, deprived plaintiffs of property without due process of law."

This Court concluded that, on the record before it, there was no proper basis for the added charges imposed on plaintiffs and that, in consequence, the municipal action involved was "unreasonable and arbitrary" and operated to deprive plaintiffs of their

property "without due process of law." It is significant in this regard that the case was remanded for further proceedings.

Defendants further contend that recovery should be denied plaintiffs on the ground that the charges in question were paid voluntarily. It is not disputed that failure to pay the charges demanded might have resulted in the discontinuance of the service. In other words, in order to protect themselves in their right to continue in the business in which they' were engaged plaintiffs had no alternative other than to comply with the demands. The record before us indicates that discontinuance of service was a method available to the board of water commissioners in the event of nonpayment of rates charges and was exercised as a matter of policy. Under the circumstances it may not be said that such payments were voluntary. The situation is analogous in this respect to that presented in *City of Saginaw* v. *Consumers Power Co.*, 304 Mich 491. It was there held that excess rates charged for the furnishing of gas by a public utility were not voluntarily paid because of the fact that service might have been discontinued in the absence of compliance with the demand.

It was further held in the above case that payment under protest was not a condition precedent to a recovery. We think the same rule is applicable in the case at bar. Attention has been called to the provisions of CL 1948, § 211.53 (Stat Ann 1960 Rev § 7.97), with reference to the payment of taxes and special assessments, under protest in writing, signed by the taxpayer, specifying the grounds of the protest. In the instant case, however, we are not dealing with a tax, or a special assessment levied on the basis of benefits received, but with a charge made for the furnishing of a utility service. The statutory provision is not applicable. Furthermore, it appears from a stipulation appearing in the record

that some of the plaintiffs, at least, did make formal protest, and the claim generally is advanced that, inasmuch as the suit was started before the first payment of the "demand charge" was due, such fact operated to indicate unequivocally the position of the plaintiffs. However, the basic question here is whether the charges found by this Court to have been arbitrary and unreasonable were paid under compulsion amounting to duress. As above indicated, plaintiffs could from a practical standpoint pursue no course other than to pay the added charge and await a determination of their rights by final disposition of the case.

The decision of this Court in *Beachlawn Building Corporation* v. *City of St. Clair Shores,* 370 Mich 128, is in point here. It was there held, citing *City of Saginaw* v. *Consumers Power Co., supra,* and other prior decisions of this Court, that plaintiff was entitled to maintain an action to recover fees paid by it for building permits under an ordinance which this Court in *Merrelli* v. *City of St. Clair Shores,* 355 Mich 575, had held invalid. What was there said may well be applied to the situation in the case now before us.

Other contentions raised on behalf of appellants have been considered and found to be without substantial merit. The order from which the appeal has been taken is affirmed. In view of the nature of the questions involved, no costs are allowed.

Dethmers, Kelly, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.