165 So.2d 199 (1964)
CAROL CITY UTILITIES, INC., a Florida corporation, Appellant,
v.
MIAMI GARDENS SHOPPING PLAZA, INC., a Florida corporation, Appellee.
No. 63-744.
District Court of Appeal of Florida. Third District.
May 5, 1964.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and James Knight, Miami, for appellant.
Kelly, Paige, Black & Black, Sam Daniels, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
BARKDULL, Chief Judge.
Appellant seeks review of a final summary judgment, entered in an action seeking to recover alleged excessive payments to the appellant for connecting the appellant's water and sewer lines to the appellee's property.
The record on appeal reveals that in 1959 the appellee wanted to develop a shopping *200 center. In order to do so, it was required to supply the center with central water and sewer services. The appellee, on October 20, 1960, entered into a contract with the appellant for the latter to provide the aforementioned services in return for a charge of $19,250.00. The agreement provided it would become and be in full force and effect only when the appellee submitted it to the Metropolitan Dade County Water and Sewer Board and obtained its approval, and delivered a properly certified copy of such approval to the appellant.[1] Prior to the agreement being submitted to the Board, the appellant completed service into the area and the appellee paid the requested charge. Thereafter, the agreement was submitted to the Board, who refused to approve the agreement on the ground that the charge of $19,250.00 was "arbitrary, unreasonable and excessive", and found that a reasonable charge for the service was $2,617.29. This ruling was ultimately upheld upon certiorari to the circuit court, and on appeal to the Supreme Court of Florida [seeking review of this decision] was dismissed. Thereafter, the appellee brought its action in the trial court seeking to recover the alleged overcharge. Issue was joined, and both parties moved for a summary judgment. The trial court, after considering the pleadings, affidavits, exhibits, answers to interrogatories and admissions, entered the order appealed granting the appellee a summary judgment.
The appellant contends that the trial court erred in entering the order appealed, in that: (1) The appellee is estopped to seek relief granted because it had entered into the contract with full knowledge of all the facts, and was in default on the contract by failure to furnish the appellant with an approved contract from the Metropolitan Dade County Water and Sewer Board. (2) The order appealed created and enforced a new obligation between the parties, contrary to all established laws of contract.
The contract provided it would not become effective until it was submitted to the Metropolitan Dade County Water and Sewer Board who, after final hearing, found that the charge of $19,250.00 provided for in the agreement was "arbitrary, unreasonable and excessive", and that the most that the appellant could reasonably charge the appellee was $2,617.29. It appears that the doctrine of estoppel by judgment applies to administrative findings which are of a quasi-judicial nature, particularly when judicial review of these findings has been exhausted. See: Yovan v. Burdine's Fla. 1955, 81 So.2d 555; In re Federal Water & Gas Corp., 3rd Cir.1951, 188 F.2d 100; Tidewater Oil Company v. Jackson, 10th Cir.1963, 320 F.2d 157. It therefore appears that no error has been demonstrated in the trial court's accepting the fact that a portion of the $19,250.00 charge for making the connection was excessive and awarding judgment for this amount, less the charge found reasonable.
As to the appellant's second point, the effect of the trial court's judgment has not been to re-write the original agreement and, even though full payment thereunder may have been made, it is apparent that because of the nature of the agreement being one involving a public utility the appellee *201 had a right to sue and recover any excess charge made. See: B. & B. Amusement Enterprises, Inc. v. City of Boston, 297 Mass. 307, 8 N.E.2d 788; Theatre Control Corporation v. City of Detroit, 370 Mich. 382, 121 N.W.2d 828; 34 A.L.R. 185, and cases cited therein. Nor is there any defense to the claim that the appellee voluntarily made the full payment under the contract, particularly in light of the provisions of § 52.24, Fla. Stat., F.S.A. In this connection, see: Lord v. Die Polder, Fla.App. 1959, 113 So.2d 440.
Therefore, for the reasons stated, the appellant has failed to make error appear in the judgment here under review and same is hereby affirmed.
Affirmed.
NOTES
[1] Sec. 32-55. Contracts with subdivision developers.

(a) All public utilities under this chapter are authorized to enter into reasonable contracts with the owner or owners of all or substantially all of the lots in a subdivision or parcels of land in an area not within a service area of another public utility for the purpose of furnishing water or sewer service, or both, to such subdivision or area; provided, that any such proposed contract shall either conform to the terms and conditions prescribed by rules approved by the board of county commissioners, or first be submitted to and approved by the board. No such contract shall be approved by the board that is contrary to the public interest or would adversely affect the utility's ability to render adequate and efficient service to its existing customers.