390 So.2d 327 (1980)
David L. DeBUSK, Appellant,
v.
Jim SMITH, Etc., Appellee.
No. 57177.
Supreme Court of Florida.
September 11, 1980.
Rehearing Denied December 8, 1980.
Waldense D. Malouf, Clearwater, for appellant.
Jim Smith, Atty. Gen., and Frank A. Vickory, Asst. Atty. Gen., Tallahassee, for appellee.
ALDERMAN, Justice.
DeBusk appeals an order of the county court awarding a $2,500 judgment to the State and declaring section 112.317(2), Florida Statutes (1977),[1] constitutional. We affirm the judgment and hold that section 112.317(2) is constitutional.
A complaint was filed with the State of Florida Commission on Ethics, alleging that DeBusk corruptly used his public office to secure a special privilege, benefit, or exemption for another by causing the alteration and falsification of copies of public documents in violation of section 112.313(4), *328 Florida Statutes (Supp. 1974)[2] The Ethics Commission found probable cause for holding a public hearing to receive testimony and evidence, following which it made findings and recommendations in a public report.
The Ethics Commission found that Donald Sells, a licensed frame and trim contractor, requested DeBusk's advice on how to become a licensed building contractor in Citrus County. DeBusk, a member of the Citrus County commission, was aware of the county's requirement that any person seeking to become a licensed building contractor must first successfully pass a written competency examination. Instead of advising Sells of this requirement, DeBusk told Sells to bring him statements from three builders and a copy of Sells' current frame and trim license. When he had these items and the assurance of a county road department secretary that she could be trusted, DeBusk instructed the secretary to alter Sells' frame and trim license. The occupational designation was changed from "Contractor, framing and trim" to "Contractor." Later on the same day, DeBusk had "Contractor" changed to "Building Contractor." DeBusk then gave the altered document to Mrs. Sells and instructed her to take it to the county building department where a competency card would be issued to her husband. Mrs. Sells followed DeBusk's instructions and obtained a competency card based on the altered license. There was no evidence tending to show that DeBusk received any monetary consideration for these actions.
On these facts, the Ethics Commission concluded that DeBusk corruptly used his official position to secure a special privilege for Sells in violation of section 112.313(4). The Commission recommended that DeBusk be penalized $2,500 in accordance with section 112.317(1)(a)6, Florida Statutes (1975).[3]
DeBusk petitioned the District Court of Appeal, Second District, to review the Commission's final action. The district court, after receiving briefs and hearing oral arguments, denied the petition. Thereafter, DeBusk sought no further review of the Commission's action.
Subsequently, pursuant to section 112.317(2), the attorney general brought an action in the Citrus County Court to recover the penalty assessed by the Commission. DeBusk moved to dismiss, alleging that chapter 112 is unconstitutional because it is a bill of attainder and that the charges and documentary evidence before the State of Florida Commission on Ethics were based on hearsay. Concluding that it had jurisdiction over the action, the court denied the motion to dismiss, held section 112.317(2) constitutional, and awarded the State a judgment of $2,500 against DeBusk. This appeal is from that order.
DeBusk attempts to collaterally attack the validity of the proceedings before the Ethics Commission. We need not consider the collateral issues that could have been raised before the district court. The sole issue properly before us is whether section 112.317(2) is constitutional.
Chapter 112 gives each party the due process to which he is entitled. Section 112.3241, Florida Statutes (1975), provides that "[a]ny final action by the commission taken pursuant to this part shall be subject to review in a District Court of Appeal upon the petition of the party against whom an adverse opinion, finding, or recommendation *329 is made." That section gives one right of review where all judicially reviewable issues should be raised. The prohibition in section 112.317(2) against raising defenses in a subsequent proceeding which could have been raised and considered by the district court at the time it reviewed the final action of the Ethics Commission is merely a codification of the estoppel rule. We conclude that the section is constitutional.
Accordingly, the trial court is affirmed.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ENGLAND and McDONALD, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[1] Section 112.317(2), Florida Statutes (1977), provides:

In any case in which the commission finds a violation of this part and recommends a civil penalty or restitution penalty, the Attorney General shall bring a civil action to recover such penalty. No defense may be raised in the civil action to enforce the civil penalty or order of restitution that could have been raised by judicial review of the administrative findings and recommendations of the commission by certiorari to the District Court of Appeal.
[2] Section 112.313(4), Florida Statutes (Supp. 1974), provides:

No public officer or employee of an agency shall corruptly use, or attempt to use, his official position, or perform his official duties, to secure special privileges, benefits, or exemptions for himself or others.
[3] Section 112.317(1)(a)6, Florida Statutes (1975), provides:

(1) Violation of any provision of this part, including, but not limited to, any failure to file any disclosures required by this part or violation of any standard of conduct imposed by this part, in addition to any criminal penalty involved, shall, pursuant to applicable constitutional and statutory procedures, constitute grounds for, and may be punished by, one or more of the following:
(a) In the case of a public officer:
.....
6. A civil penalty not to exceed $5,000.