444 So.2d 78 (1984)
UNITED STATES FIDELITY & GUARANTY CO., Appellant,
v.
Johnnie ODOMS, Appellee.
No. 83-534.
District Court of Appeal of Florida, Fifth District.
January 26, 1984.
*79 John S. McEwan, II, of Sanders, McEwan, Mims & McDonald, Orlando, for appellant.
Edward H. Hurt, Jr., of Walker, Buckmaster, Miller & Ketchum, Orlando, for appellee.
COBB, Judge.
Johnnie Odoms, plaintiff below, brought an action for damages against his employer's uninsured motorist carrier, United States Fidelity & Guaranty Company (USF & G), as a result of a vehicular accident which occurred while he was driving a company truck (a tractor without trailer) belonging to his employer, Sun City of Florida. Odoms alleged that he was run off the road by a hit and run vehicle.
USF & G counterclaimed against Odoms for property damage to the truck and raised as a separate defense a coverage issue: that Odoms was driving the truck at the time of the accident without the permission or consent of the owner and, therefore, did not qualify as an additional insured under the terms of its policy with Sun City. Odoms moved for a partial summary judgment in respect to the counterclaim and the aforesaid defense on the ground of estoppel by judgment, based on a prior worker's compensation proceeding brought by Odoms against Sun City and its compensation carrier, which was also USF & G.
The worker's compensation commissioner made specific findings of fact regarding Odoms' permission to use the vehicle, as follows:
(2) After a complete review of all the testimony and evidence presented in this matter, I find that the claimant did sustain an injury by accident arising out of and in the course of his employment with the employer herein. In arriving at this finding I have accepted the testimony of the claimant and I have rejected the testimony of Mr. Gilbert as far as authorizing use of vehicles used by the employer. I accept the claimant's testimony that he was authorized to use a vehicle leased to the company by his supervisor when the accident occurred. This is also based on the testimony of the witness, Mr. Joe Louis Studstill. I further find that the claimant has used company vehicles in the past with the authorization of the employer and I reject the testimony of the supervisor, Mr. Julius Cheese as far as authorization is concerned. I find that when the accident occurred, the claimant was in the course and scope of his employment in that he was carrying out instructions from his supervisor and that the employee did not take a lunch break on the day of the accident.
Following a hearing, the trial court granted Odoms' motion for partial summary judgment based on estoppel by judgment as to the issue of the agent having authority to authorize Odoms to use the vehicle and as to the issue of Odoms having permission to use the vehicle. The court also granted a partial summary judgment against USF & G on its counterclaim against Odoms. USF & G timely filed a notice of appeal from these rulings.
Appellant, USF & G, contends the trial court erred in finding that the worker's compensation order constituted a collateral estoppel as to USF & G's counterclaim against Odoms for damages to the vehicle involved in the accident. USF & G claims that the standard of proof is different before a worker's compensation commissioner, that the issue of permission was not properly before it, and that it would be unfair to allow the findings of the Commissioner to bind the circuit court, thus denying USF & G a jury trial on that issue. Odoms counters that the trial court acted properly since the matter was previously determined by a court of competent jurisdiction and, therefore, USF & G is estopped to raise it again.
The essential elements of collateral estoppel are:
(1) that the parties and issues be identical,
(2) that the particular matter be fully litigated and determined in a contest,

*80 (3) which results in a final decision,
(4) in a court of competent jurisdiction.
Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982). The application of collateral estoppel prevents the parties in the second suit from litigating those points in question which were actually adjudicated in the first suit. Husky; Seaboard Coastline Railroad v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972).
Here, the parties are identical, the issue of Odoms' permissive use of the vehicle is the same as that determined in the worker's compensation action, the permission issue was fully litigated and determined, and resulted in a final decision.[1] The real issue presented by this case involves element (4) above, that of the need for a determination by "a court of competent jurisdiction." Appellant argues that the worker's compensation Deputy Commissioner's hearing did not suffice as such a court, whereas Odoms contends that it does. Since it was the claimant, Odoms, who initiated the administrative proceeding, and not USF & G, can the latter be deprived of its constitutional right to trial by jury in a court of law on a disputed issue of fact on the basis of estoppel?
Where an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it, as to which the parties have had an adequate opportunity to litigate, the court will apply res judicata or collateral estoppel to enforce repose. Jet Air Freight v. Jet Air Freight Delivery, Inc., 264 So.2d 35 (Fla. 3d DCA), cert. denied, 267 So.2d 833 (Fla. 1972). See also Carol City Utilities v. Miami Gardens Shopping Plaza, 165 So.2d 199 (Fla. 3d DCA 1964). It is generally held that a determination by a worker's compensation tribunal that an employer/employee relationship exists, that the employer/employee's injuries arose out of the course of employment, or that there was in fact no accident, or a determination of the cause of the accident, is conclusive in a subsequent action at law between the same parties. See Annot. 84 A.L.R.2d 1036 (1962).
In Akins v. Hudson Pulp & Paper Co., Inc., 330 So.2d 757 (Fla. 1st DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977), Akins appealed from a summary judgment in favor of her employer and a company nurse in a suit for damages suffered from a back injury. Prior to the suit being filed, Akins litigated a claim for worker's compensation, which the appellees raised below as an affirmative defense based on res judicata and collateral estoppel. The Commissioner in the prior proceeding had determined that there was no accident arising out of and in the course of the appellant's employment which either caused or aggravated her injury. The First District, noting that the matter was litigated before the Judge of Industrial Claims, without review taken, thus becoming final, held that estoppel by judgment applied to bar the suit, and affirmed the summary judgment entered below. It also affirmed the summary judgment in regard to the nurse, although she had not been a party to the compensation claim, on the basis that a judgment on the merits for an employer where the alleged wrong was done by an employee bars a subsequent action by the same plaintiff against the employee. See 46 Am.Jur.2d Judgments § 571.
In Yovan v. Burdine's, 81 So.2d 555 (Fla. 1955), the plaintiff, Yovan, had been employed to display and sell the goods of Rex Cutlery Company at a store owned and operated by Burdine's. She fell and was injured on the store's stairway, and filed a compensation claim against Rex as her employer. After hearing, the Deputy Commissioner denied the claim based upon his finding that she was an employee of Burdine's, not Rex, at the time of the accident. Yovan then sued Burdine's for negligence in circuit court. Burdine's successfully moved for summary judgment on the ground that the plaintiff was its employee *81 and could not maintain a law action for a claim covered by worker's compensation. Because the parties to the two proceedings were different, the Florida Supreme Court held that neither collateral estoppel nor res judicata applied. It noted, however, the general rule: "The adjudication and award of compensation boards or commissions, as well as the judgments of courts are generally held to be conclusive on the parties as to matters and issues involved within their jurisdiction." 81 So.2d at 557.
In the instant case, the question of permissive use was clearly presented to the worker's compensation hearing officer for determination and it was a relevant point in regard to Odoms' eligibility for worker's compensation.[2] The Deputy Commissioner's findings were clear, and since the parties in the prior suit were the same as those involved in the case sub judice, the elements necessary for a collateral estoppel were present, and the trial court was correct in so holding. Even though USF & G did not initiate the worker's compensation proceeding, it volunteered to submit to such a proceeding by providing compensation coverage to its insured and, in legal effect, thereby waived its right to a jury trial.[3]See 81 Am.Jur.2d Workmen's Compensation § 19. The coincidental fact that it also provided liability and uninsured motorist coverage to the same insured does not afford it the opportunity to litigate the same factual issue twice against the same party.
AFFIRMED.
DAUKSCH, J., and DIAMANTIS, G.N., Associate Judge, concur.
NOTES
[1] According to defendant's request for admissions, to which USF & G never responded, the deputy's order was appealed and dismissed on May 14, 1982.
[2] In the worker's compensation order, the Deputy Commissioner stated:

The claim was defended by the employer/carrier on the grounds that there was no injury arising out of and in the course and scope of the claimant's employment with the employer herein; that the claimant was not authorized to take the company vehicle and was at lunch at the time the accident occurred.
[3] USF & G's reliance on Levine v. Feuer, 152 So.2d 784 (Fla. 3d DCA 1963), is misplaced since the initial decision therein was a preliminary one in the form of a petition for family allowance, not a final decision as in the instant case.