513 So.2d 1338 (1987)
STATE of FLORIDA, DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
William L. GARY, Circuit Judge, Second Judicial Circuit, and Wilkinson & Jenkins Construction Co., Inc., Respondents.
No. 87-538.
District Court of Appeal of Florida, First District.
October 7, 1987.
Rehearing Denied November 13, 1987.
Thomas H. Bateman, III, Gen. Counsel, and Franz Eric Dorn, Dept. of Transp., Tallahassee, for petitioner.
*1339 Patricia H. Malono and Joseph W. Lawrence, II, of Cummings & Lawrence P.A., Tallahassee, and Robert A. Butterworth, Atty. Gen., and Walter Meginnis, Asst. Atty. Gen., Tallahassee, for respondents.
WIGGINTON, Judge.
The Department of Transportation (DOT) petitions for a writ of prohibition or, in the alternative, writ of certiorari seeking review of an interlocutory order entered by respondent Circuit Judge William L. Gary granting the motion to stay administrative proceedings filed by respondent Wilkinson & Jenkins Construction Co., Inc. (Wilkinson & Jenkins). After reviewing the petition and Wilkinson & Jenkins' response to this Court's order to show cause, and after hearing oral argument in the case, we deem the proper avenue for relief is by way of DOT's petition for writ of certiorari and hold that the trial court departed from the essential requirements of law by staying the administrative proceedings.[1]
The controversy began on April 16, 1987, when DOT issued its final notice of intent to suspend Wilkinson & Jenkins' certificate of qualification due to unsatisfactory work progress on a state road project in Palm Beach County. On April 28, 1987, Wilkinson & Jenkins requested a hearing on DOT's proposed determination of delinquency pursuant to section 337.16(1)(b), Florida Statutes. The hearing was ultimately set for June 8, 1987.
However, on May 27, Wilkinson & Jenkins filed a complaint and demand for jury trial in the Second Judicial Circuit seeking compensatory damages and a declaratory judgment based on an alleged breach of contract by DOT arising from the same Palm Beach County road project. The essence of the complaint alleged that DOT delayed the project causing damages to Wilkinson & Jenkins. On the same day, Wilkinson & Jenkins filed in the circuit court and with the administrative hearing officer motions for stay of the administrative proceedings. In the motions, Wilkinson & Jenkins alleged that the circuit court had exclusive jurisdiction of the breach of contract action and that the administrative delinquency proceeding would cover some of the same issues as would be determined in the civil action. Consequently, Wilkinson & Jenkins maintained that the prosecution of the administrative hearing would collaterally estop the relitigation in the circuit court of those factual issues and would result, therefore, in a loss of Wilkinson & Jenkins' right to a jury trial. Additionally, Wilkinson & Jenkins argued that the hearing officer's determination of crucial factual and legal issues, using a standard of proof and procedures different from those applied in the circuit court, would preclude the court from exercising its primary and exclusive jurisdiction over the breach of contract suit.
DOT responded by arguing that the administrative proceeding was filed first and would provide an adequate remedy to Wilkinson & Jenkins. Also, DOT argued that the circuit court did not have the exclusive jurisdiction of the matters raised in the administrative proceeding, and that pertinent statutes and administrative rules afforded Wilkinson & Jenkins the right to have an administrative hearing.
On June 3, 1987, the hearing officer issued an order denying the motion for stay. However, on June 4, the circuit court granted the motion to stay based on the finding that the parties' proceeding forward with the administrative hearing would deny Wilkinson & Jenkins "their right to a jury trial in its breach of contract action."
After giving due consideration to all the arguments presented by the parties, it is apparent that the fundamental underpinning of the circuit court's order is the presumption that the hearing officer's findings of fact would be conclusive in the civil proceeding due to the application of the principle of collateral estoppel. It is true that collateral estoppel has been used to *1340 bar relitigation of issues in a civil proceeding after they have once been adjudicated in an administrative proceeding. Compare DeBusk v. Smith, 390 So.2d 327 (Fla. 1980); United States Fidelity & Guaranty Co. v. Odoms, 444 So.2d 78 (Fla. 5th DCA 1984); Jet Air Freight v. Jet Air Freight Delivery, Inc., 264 So.2d 35 (Fla. 3d DCA), cert. denied, 267 So.2d 833 (Fla. 1972). However, collateral estoppel requires "that the issue in the second action that is sought to be estopped from relitigation be identical to necessary and material issues resolved in the first suit." Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190 (Fla. 1976). (Emphasis added.) Thus, it is incumbent on Wilkinson & Jenkins to demonstrate that the necessary and material issues to be resolved in the administrative proceeding will be identical to those in the breach of contract action. To that end, Wilkinson & Jenkins maintains that the two issues identical to both proceedings are (1) whether Wilkinson & Jenkins was delayed in its performance of the project by factors beyond its control; and (2) whether Wilkinson & Jenkins expended its best efforts in a diligent attempt to complete the job on time, and was delayed through no fault of its own.
Clearly, those issues are necessary and material to the resolution of the administrative proceeding. Under section 337.16(1), a contractor shall not be qualified to bid on a project when an investigation by DOT discloses that the contractor is "delinquent" on a previously awarded contract. In such case, the contractor's certificate of qualification shall be suspended or revoked. Section 337.16(1)(a) defines delinquency as meaning unsatisfactory progress being made on a construction project or the expiration of the allowed contract time under circumstances when the contract work is not complete. Rule 14-23.001(3)(c)2., Florida Administrative Code, provides that
[i]t shall be an absolute defense to a charge of delinquency when the contractor can demonstrate that he has expended his best efforts in a diligent attempt to complete the job on time or in an expeditious manner, and was delayed through no fault on his part... . However, a finding that a contractor did not have sufficient personnel, equipment and finances to complete a job in a timely manner shall be prima facie evidence that the contractor was at fault and therefore delinquent....
On the other hand, section 337.19, Florida Statutes, allows for suits at law and in equity to be brought and maintained by and against DOT on any claim under contract for work done. In its civil action brought under that statute, Wilkinson & Jenkins alleged, inter alia, that DOT delayed the project causing damages to Wilkinson & Jenkins.
Thus, it can be seen that the hearing officer would ultimately find either that Wilkinson & Jenkins was delinquent for purposes of section 337.16, or that Wilkinson & Jenkins had expended its best efforts and was not at fault. Those alternative findings, however, do not necessarily equate with the necessary and material issues to be resolved in the breach of contract action regarding DOT's alleged fault, nor were the parties able to articulate identical issues. Based on the record before us,[2] it is simply too speculative to assume that collateral estoppel will bar relitigation in the civil action; thus, there was no basis on which the trial court could have properly predicated a conclusion that the going forward with the administrative proceeding would deny Wilkinson & Jenkins any right it may have to a jury trial in its breach of contract action.
Accordingly, we grant DOT's petition for writ of certiorari and quash the circuit court's order staying the administrative proceeding. The administrative proceeding shall be allowed to continue.
JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Judge Gary declined to respond on the merits on the basis that he has no personal interest in the disposition of this case, and, as trier of fact, does not wish to become an advocate by so responding. Instead, Judge Gary indicated his intent to rely on the real parties in interest to respond on the merits.
[2] Indeed, the record contains no document delineating the reasons why DOT considered Wilkinson & Jenkins' work on the project to be unsatisfactory, which document might have better framed the issues.