ALTENBERND, Judge.
The personal representative of the estate of Scott W. Siver appeals a summary judgment entered in favor of the defendant, Hugé Company, Inc. We reverse because there are disputed issues of fact that were not resolved between these parties in a prior workers’ compensation proceeding.
*191 In October 1986, Scott Siver died of liver cancer at the age of twenty-nine. He had worked at Pet Dairy, Inc., in St. Peters-burg, Florida, from 1980 until 1985. Mr. Siver’s estate maintains that he died as a result of exposure to a pesticide, Exelcide Resifume, which had been used at Pet Dairy in the laboratory where Mr. Siver worked. Hugé manufactured and sold Re-sifume during the time Mr. Siver worked for Pet Dairy.
As a result of Mr. Siver’s death, the estate filed this products liability lawsuit against Hugé and also filed a workers’ compensation claim against Pet Dairy. In July 1987, a deputy commissioner ruled against Mr. Siver in the workers’ compensation proceeding. Although the deputy commissioner received expert medical testimony that Mr. Siver’s death was caused from exposure to the pesticide at his workplace, the deputy commissioner also received testimony that the pesticide had not been extensively used at Pet Dairy during the relevant time and that the pesticide had not caused Mr. Siver’s cancer. The deputy commissioner found that the estate did not prove the elements essential for a workers’ compensation claim under Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). The denial of this claim was upheld on appeal.
Following the resolution of the workers’ compensation claim, Hugé moved for summary judgment in this case on two theories. First, it maintained that it had not sold any chemicals to Pet Dairy for use in St. Petersburg until May 1984. Thus, Hugé argued that Mr. Siver could not have been exposed to its chemicals for a sufficient period to cause any health problem. The estate countered with an affidavit from Henry Stanfield, the man who actually sprayed pesticide at the St. Petersburg facility. He recalled using Resifume as early as 1981. Although Mr. Stanfield’s subsequent deposition testimony is not as precise as the affidavit, he does not disavow the factual contents of the affidavit in his deposition. As a result, there is a disputed issue of fact concerning the nature and extent of Mr. Siver’s exposure to chemicals manufactured by Hugé.
As a second basis for summary judgment, Hugé argued that the estate’s claims in negligence and strict liability were collaterally estopped by the outcome of the workers’ compensation claim against Pet Dairy. Hugé was not a party to that proceeding. The issues between the estate and Pet Dairy which were submitted for resolution to the deputy commissioner were materially different from the issues which the estate now seeks to submit to a jury. The doctrines of res judicata and collateral estoppel do not bar this action. Yovan v. Burdine’s, 81 So.2d 555 (Fla.1955). Although the supreme court has recently allowed defensive collateral estoppel in the criminal-to-civil context, the reasons for that rule do not apply in this context. Zeidwig v. Ward, 548 So.2d 209 (Fla.1989).
Reversed and remanded.
DANAHY, A.C.J., and PARKER, J., concur.