WOLF, Judge.
The Department of Transportation (department) appeals from an order of the circuit court enjoining further proceedings in an administrative action between the department and appellee, Clark Construction Company, Inc. (Clark). The circuit court case involves a breach of contract action by Clark against the department. In the administrative proceeding, the department seeks to have Clark disqualified from bidding as a result of an alleged delinquency in work on the project which is the subject of the breach of contract action. The trial court determined that “Plaintiff’s right to a jury trial will be infringed if factual issues are resolved in the administrative process which are subject to resolution by a jury.” The department asserts that the trial court erred in granting the injunction for several reasons, one of which we find persuasive— that appellee has not sufficiently demonstrated that the application of the doctrine of collateral estoppel based on findings in the administrative proceedings will deny Clark the right to a jury trial in its breach of contract action against the department. We therefore reverse.
The department and Clark entered into a contract to replace a bridge in Washington County. A dispute arose concerning the progress being made on the project. Clark asserted that the delays in the project were as a result of the department’s providing inaccurate information concerning the length of necessary pilings. The department asserted that the delays were as a result of improper actions on the part of Clark. The department notified the appel-lee that the department considered the ap-pellee delinquent in the progress of the work under rule 14-23, Florida Administrative Code, which authorizes the department to remove contractors from the bidders' list when they fail to maintain satisfactory progress. Clark requested an administrative hearing. An evidentiary hearing was held on May 28, 1992. Clark filed a proposed recommended order, stating that it was not delinquent because the delays in the progress of work were due to factors beyond its control — that the department provided the appellee with inaccurate order lengths for the piles, and that but for the excessive splicing due to the inaccurate lengths, Clark would not have been delinquent in the progress of the work. The department’s proposed recommended order stated that the appellee was delinquent due to unsatisfactory progress being made on the road construction project, “due to the late delivery of piling to the project ... [and] due to the failure to timely obtain approval of Clark’s supplier’s prestress plant and its supplier’s design mix.”
On May 12, 1992, the department was served with a complaint filed by Clark for breach of contract and a demand for jury trial. Prior to entry of the hearing officer’s recommended order, the appellee moved to stay the’ administrative proceeding pending the outcome of a circuit court case, an action initiated by the appellee alleging that delay in performance of the contract was a consequence of the department’s breach of contract for providing the appellee with inaccurate order lengths for the piles. The hearing officer denied the motion to stay the administrative proceedings.
On the same day as the hearing officer denied the motion to stay (May 18, 1992), the appellee filed in circuit court an emergency motion for a temporary injunction to stay the administrative proceedings and a request for an immediate hearing in the circuit court case. That motion argued that the issues raised in its breach of contract claim were identical to the issues to be decided in the administrative delinquency proceeding, and that collateral estoppel would apply to bar relitigation of the administrative determination.[1] The appellee *513 argued that because collateral estoppel would apply, its constitutional right to a jury trial would be infringed and, therefore, the administrative hearing should be enjoined.
On May 22, 1992, a hearing was held on the appellee’s motion for injunctive relief. Following arguments of counsel, the court entered an order granting a temporary injunction because of the potential infringement of appellee’s right to a jury trial.
Section 337.16, Florida Statutes (1991), provides that the department may disqualify contractors from bidding on projects when it is determined that the contractor is delinquent on a previously awarded contract with the state. The statute further states that if the contractor wishes to challenge this determination, then the challenge shall be resolved through an expedited administrative determination. Section 337.16(l)(b), Fla.Stat. (1991). The clear statutory intent is to protect the public by providing for a speedy mechanism to disqualify nonperforming contractors from seeking further state projects. Clark asserts that the trial court correctly found that this policy consideration was superseded because of the potential infringement of his right to jury trial.
In State of Florida Dep’t of Transp. v. Gary, 513 So.2d 1338 (Fla. 1st DCA 1987), a contractor sought to have an administrative delinquency proceeding stayed until its breach of contract action against the department (based on alleged improper delay) was adjudicated. In Gary, supra, this court reversed a stay of an administrative proceeding and recognized that the issues to be resolved in the civil and administrative proceedings were not necessarily identical, and that it would be premature and speculative to assume that collateral estoppel would bar relitigation in the civil trial. Appellee attempts to distinguish Gary, stating that in this case recommended orders have been presented, and that the proposed findings address issues which would necessarily be addressed in the breach of contract action. We reject appellee’s contention for several reasons:
1] The legislative policy, that determinations of delinquency should occur through speedy administrative proceedings, should be honored if at all possible. See State ex rel. Department of Gen. Servs. and Willis, 344 So.2d 580 (Fla. 1st DCA 1977). A contractor should not be able to defeat the public policy behind an expeditious administrative determination of a delinquency by merely filing of a lawsuit.
2] It is unnecessary to determine at this time whether the doctrine of collateral estoppel will be applicable in the civil litigation. This determination would be more properly made after discovery in the civil proceeding has been completed and the actual issues which will be presented to the jury have been clarified. The court would also then have the benefit of the actual 1 findings made in the administrative case, and would not need to speculate concerning the hearing officer’s decision or as to what facts necessarily needed to be determined in the prior action. See State v. Strong, 593 So.2d 1065 (Fla. 4th DCA 1992), rev. denied, 602 So.2d 942 (Fla.1992).
3] A party who seeks relief through the administrative process voluntarily participates in the evidentiary proceeding and submission of the recommended orders should not seek to have the administrative process subverted by filing a civil action in circuit court.
4] The issues to be resolved in the administrative proceeding and the civil action while similar and somewhat overlapping are not identical. As in Gary, supra at 1340, the hearing officer could find that the contractor was delinquent for purposes of section 337.16, or that the contractor expended its best efforts and was not at fault. In addition, as in Gary, “[tjhese alternative findings ... do not necessarily equate with the neces *514 sary and material issues to be resolved in the breach of contract action regarding DOT’s alleged fault.”
Accordingly, we reverse the order of the circuit court staying the administrative proceeding.
KAHN, J., concurs.
ALLEN, J., specially concurring with written opinion.

. The appellee argued that in order for there to be an administrative determination of whether it was delinquent in the progress of its work, there must be a determination of whether the excessive splicing delayed progress; likewise, in order for the jury to determine whether the appellee would be entitled to damages, the jury *513 must determine whether excessive splicing delayed the progress.