NESBITT, Judge.
Claimant, Kathryn L. Rohan, appeals an order denying her claim for Florida unemployment compensation benefits. We reverse.
Shortly after the natural disaster commonly known as “Hurricane Andrew,” the claimant filed two claims for unemployment benefits. The first was a Disaster Unemployment Assistance (DUA) claim, filed under a federal disaster relief law. The second was a regular claim for Florida unemployment compensation benefits.
1 A federal adjudicator denied Rohan’s DUA claim, and she appealed, which order was affirmed. In the federal claim, the issue considered was whether Rohan’s unemployment had been a direct result of a major disaster. See 20 C.F.R. § 625.5 (1991). In the order of affirmance, the appeals referee’s written order concluded:
The claimant stopped working for the employer on approximately September 9, 1992. She stopped working for the employer because the general manager wanted her to work more hours than she was willing to work.
After several postponements and continuances, Rohan’s appeal from an earlier adverse determination on her Florida unemployment compensation claim was then heard. Section 443.101(l)(a), Florida Statutes (1991) provides an individual shall be *1177 disqualified for benefits “[f]or the week in which he has voluntarily left his work without good cause attributable to his employing unit....”
At the evidentiary hearing for this appeal, the referee reviewing the claim, received into evidence a copy of the DUA decision and concluded:
Since the record reflects that the claimant attended a full and fair hearing relative to the claimant’s job separation, the doctrine of collateral estoppel will apply, therefore, the appeals referee is bound by the referee’s finding of facts in Docket No. 92-43917DUA and the facts will not be disturbed.
Relying on the DUA’s order, the referee concluded that the claimant had stopped working “because the general manager wanted her to work more hours than she was willing to work” and denied Rohan’s claim. The referee’s decision was affirmed by the Florida Unemployment Appeals Commission.
The application of collateral estop-pel prevents the parties in a second suit from litigating those points in question which were actually adjudicated in the first suit. United States Fidelity & Guaranty Co. v. Odoms, 444 So.2d 78, 80 (Fla. 5th DCA 1984). The evidence from the earlier DUA hearing, although arguably broad enough to embrace the present claim was not dispositive of the claim. The denial of unemployment benefits on the basis that they had not been a result of a major disaster does not embrace the question of whether the claimant left work without any cause attributable to the employer. The claimant therefore was improperly denied a hearing on the merits of her Florida claim.
For this reason, the order of the Florida Unemployment Appeals Commission is reversed and the cause remanded.
Reversed.