**In the Matter of SUNSHINE JR. STORES, INC., d/b/a Sunshine Supermarkets, d/b/a Jr. Food Stores, Debtor.**

**Bankruptcy No. 92–16406–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 17, 1994.

Marsha Rydberg, for debtor Sunshine–Jr. Stores, Inc.

William Knight Zewadski, for Lenard J. Miller.

David Epstein, for McLane Co., Inc.

Charles Tatelbaum, for Creditor's Committee.

Mark Wolfson, for Barnett Bank, Inc.

Robert Glenn, for Prudential Capital, Corp.

Paul Martin, Jr., U.S. Trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS MATTER came on for consideration upon Motion for Summary Judgment filed by Lenard J. Miller on Motion for Allowance of Administrative Expense, and Motion for

Summary Judgment of Debtor on Objection to Administrative Claim of Lenard Miller in the above captioned case. This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. *See Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court having considered the Motion, together with the record, finds as follows:

Debtor filed its petition on December 18, 1992. A Motion for Administrative Expense has been filed by the former President and Chief Executive Officer, Lenard J. Miller (Movant). Movant was employed by Debtor pre-petition, and continued in his capacity until June 4, 1993. On June 4, 1993, Movant was discharged from employment with Debtor. Movant was not provided with notice, and his termination letter did not set out reason or cause for termination other than job performance was unsatisfactory. Before this Court is the question of wrongful termination and resulting damages under an assumed employment contract.

Debtor made motion to assume existing employment agreements on December 24, 1992.[1] This Court's February 24, 1993, Order assumed the existing employment agreement with respect to Miller, and excepted severance and portions of the agreements not common to all employees.[2] This Court later held:

"to the extent, any provisions of the Employment Agreements of the Officers were not assumed by the February 24, 1994, including but not limited to, the severance provisions of said Employment Agreements, such provisions shall and hereby are deemed REJECTED.... [3]

Of a matter of course, Debtor contends the employment agreement was never expressly accepted and therefore deemed rejected. Movant contends Debtor breached the Employment Agreement as approved by Order of this Court, and Movant is entitled to damages.

## EMPLOYEE CONTRACT

 The employment contract with Movant, with exception to severance pay and all other benefits not provided to other employees, was approved by this Court's Order of February 24, 1994. Under the employment agreement, Movant was to be employed for a period of three years commencing July 1, 1992, and complete the employment agreement period June 30, 1995. Where Employer/Debtor terminated employment, Movant was entitled to compensation for the remaining terms of the agreement. However, Debtor was permitted under the agreement to terminate the agreement upon:

(i) any material breach of any of the terms of this contract by Employee which is not cured to Employer's reasonable satisfaction within 30 days after Employer's written warning to Employee, or (ii) conduct by Employee that constitutes good cause for termination of employment "for cause"

---

1. Debtor's Motion for Authority to Pay Officers' Salaries and to Assume Existing Employment Agreements.

2. ORDERED, ADJUDGED, AND DECREED that, commencing with the filing of its voluntary petition, the Debtor is authorized to pay and/or provide the above-named officers the customer benefits made available to all other employees of the Debtor. It is further ORDERED, ADJUDGED, AND DECREED that a ruling on the Debtor's request to approve the severance payment arrangements for the above-named officers described in the Motion is hereby deferred pending further order of the Court. It is further ORDERED, ADJUDGED AND DECREED that the objection filed by the Office of the United States Trustee is hereby overruled except with respect to the Debtor's request for approval of severance payment arrangements for the above-named officers, and this ruling shall be without prejudice for the United States Trustee to raise objection to such severance payment arrangements at a later date. It is further ORDERED, ADJUDGED AND DECREED that the objection of the Creditor's Committee in its Response as to such severance payment arrangements is hereby overruled, without prejudice to the Creditor's Committee to raise such objection at a later date....

3. July 21, 1994, Findings of Fact and Order Granting Debtor's Motion to Reject Employment Agreements in Whole or in Part.

under applicable law. In the event of termination for breach of the agreement or for cause, Employer shall immediately pay to Employee an amount equal to the minimum compensation as set forth in Section IV of this agreement for 60 days plus all accrued vacation time as set forth in Section IV(c), and any bonus and other benefits earned as of the date of notice of termination, which amount(s) shall be considered full compensation to the date of termination. . . .

Section IV, of the Employment Agreement, sets out Movant's compensation package. The assumed contract provides for basic salary requirements, vacation and other employee benefits that are customarily provided Debtor's employees. Therefore, there is no question Movant is entitled to accrued vacation and wages due to him upon his termination of June 4, 1992. Any other damages flowing from the termination of Movant's employment are dependant upon an allegation of wrongful termination.

*MOVANT'S MOTION FOR SUMMARY JUDGMENT*

Under the Employment Agreement, Debtor was entitled to terminate the Employment Agreement upon 30 days written notice with an opportunity to correct any action deemed unsatisfactory by the Board of Directors, or "for cause." First is the issue of Movant's termination for cause. Movant contends he was fired without cause. To support this contention, Movant offers the Unemployment Compensation Board's record which states Debtor's response to Movant's complaint for unemployment compensation, and that Movant was terminated without cause.[4] The period for Debtor to appeal the Unemployment Compensation Board's decision has passed. To this administrative holding, Movant asserts Debtor is collaterally estopped from arguing Movant was discharged· without cause.

■ The doctrine of collateral estoppel requires a judicial proceeding be given full

faith and credit. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The Supreme Court in *Marrese,* requires federal courts, when considering the application of collateral estoppel to state court judgments, to initially determine whether state law would allow the judgment to have a preclusive effect. In the instant case, Movant maintains a quasi-judicial administrative pronouncement requires full faith and credit.

To overcome the threshold inquiry, Florida law must be considered to determine the state's application of collateral estoppel in quasi-judicial administrative pronouncements. Under Florida law, "collateral estoppel has been used to bar relitigation of issues in a civil proceeding after they have once been adjudicated in an administrative proceeding." *Florida Dept. of Transportation v. Gary,* 513 So.2d 1338, 1339–40 (Fla. 1st DCA 1987); *see also Mike Smith Pontiac v. Mercedes–Benz of North America,* 32 F.3d 528 (11th Cir.1994); *DeBusk v. Smith,* 390 So.2d 327 (Fla.1980); *United States Fidelity and Guaranty Co. v. Odoms,* 444 So.2d 78 (Fla. 5th DCA 1984); *Jet Air Freight v. Jet Air Freight Delivery, Inc.,* 264 So.2d 35 (Fla. 3d DCA), *cert. denied,* 267 So.2d 833 (Fla. 1972); *Carol City Utilities v. Miami Gardens Shopping Plaza,* 165 So.2d 199 (Fla. 3d DCA 1964). "The adjudication and award of compensation boards or commissions, as well as the judgments of courts are generally held to be conclusive on the parties as to matters and issues involved within their jurisdiction." *Yovan v. Burdines's,* 81 So.2d 555, 557 (Fla. 1955); *United States Fidelity and Guaranty Co. v. Odoms,* 444 So.2d 78, 79–80 (5th DCA 1984); *School Board of Seminole County v. Unemployment Appeals Commission,* 225 So.2d 556, 557 (5th DCA 1988); *Florida v. Short,* 513 So.2d 679 (2nd DCA 1987).

■ Often the Board's determination has a pivotal basis on issues of breach of contract to make such a determination. *Vasquez v. GFC Builders Corporation,* 431 So.2d 739,

4. Movant alleges the Unemployment Compensation Board's records reflect a written response from Debtor stating "[w]e wish not to respond to his separation." This allegation is supported by records as exhibit A to Movant's Memorandum of Law in Support of His Motion for Summary Judgment.

741 (4th DCA Fla.1983); *Williams v. Florida Dept. of Commerce, Industrial Relations Commission,* 326 So.2d 237, 238–39 (3rd DCA Fla.1976); *Fredericks v. Florida Dept. of Commerce, Industrial Relations Commission,* 323 So.2d 286, 287 (2nd DCA Fla.1975). Therefore, it appears the Unemployment Compensation Board may make adjudication on employment contract issues which would be susceptible to collateral estoppel. Full faith and credit may be given an administrative proceeding adjudicated before the Florida Unemployment Compensation Board.

■ This Court may now consider the Unemployment Compensation Board's Determination and whether it has a preclusive effect on litigation of an issue in the instant case. In order to determine whether this Court may apply collateral estoppel in the instant case, the following criteria must be met under *Marrese:*

1. the issue at stake must be identical to the one involved in the prior litigation;

2. the issue must have been actually litigated in the prior litigation;

3. the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action; and

4. the standard of proof in the prior litigation must have been at least as stringent as the standard of proof in the later litigation.

*See Hoskins v. Yanks (In re Yanks),* 931 F.2d 42, 43 n. 1 (11th Cir.1991); *Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061, 1064 (11th Cir.1987); *Miller v. Held (In re Held),* 734 F.2d 628, 629 (11th Cir.1984); *Chang v. Daniels (In re Daniels),* 91 B.R. 981 (Bankr.M.D.Fla.1988).

Upon application of the first *Marrese* element, the issues of the Unemployment Compensation Board are arguably consistent with an alleged breach of contract action in the instant case. Movant's theory of his case is flawed when applied to the second element, which requires actual litigation of the issue in the prior proceeding. The determination of the Unemployment Compensation Board does not suggest there was actual litigation. The Board's findings go only as far as stating

Movant was discharged from employment "for reason other than misconduct connected with the work."

■ Under *Scarfone v. Arabian Am. Oil Co. (In re Scarfone),* 132 B.R. 470 (Bankr. M.D.Fla.1991), this Court may look to the record and evidence of the parties to a motion for summary judgment to determine whether the issues were actually litigated. *See also Arabian American Oil Co. v. Scarfone,* 939 F.2d 1472 (11th Cir.1991). The only evidence of record is the Determination letter of the Unemployment Compensation Board. As stated above, the determination letter does not go beyond the mere conclusion Movant was discharged for reason other than misconduct connected with the work. There is no evidence to support a finding the issue of "cause" was actually litigated.

In addition, the June 4, 1993, letter Debtor relies upon to suggest Movant was discharged "for cause," was not before the Unemployment Compensation Board. The Board simply did not make a pronouncement based upon the actual events of Movant's employment termination. It only decided Movant was eligible for unemployment compensation benefits. It is reasonable to suspect Debtor decided not to comment on what could cause potential embarrassment for so little gain. There has been no factual determination on the issue of cause. For this reason it is unnecessary to apply the third and fourth elements.

### CONCLUSION

■ The determination of the Unemployment Compensation Board does not collaterally estop Debtor from litigating the reason for Movant's termination. In addition, Debtor asserts it had warned Movant of his unsatisfactory work performance, and his termination was a result of no meaningful corrective measures taken by Movant. In analysis of the Employment Agreement, there is a provision requiring reasonable satisfaction by Debtor of Movant's performance.

There remains a genuine issue of material fact with respect cause for termination. For this reason, summary judgment would be inappropriate at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED the Motion for Summary Judgment filed by the Lenard J. Miller on Motion for Allowance of Administrative Expense, and cross Motion for Summary Judgment of Debtor be, and the same is hereby, granted for the sole purposes of allowing accrued vacation and wages due to and including June 4, 1993. Motion for Summary Judgment with respect to all other matters be, and the same are hereby, denied as there remains a genuine issue of material fact.

DONE AND ORDERED.